MARY CARRANO, ADMINISTRATRIX (ESTATE OF PHILLIP J. CARRANO, JR.), ET AL. *v.* YALE-NEW HAVEN HOSPITAL ET AL.
(AC 28901)

DiPentima, McLachlan and Berdon, Js.

Argued November 17, 2008—officially released February 24, 2009

*Thomas J. Weihing*, with whom, on the brief, were *John T. Bochanis, Janice L. Rosenfeld* and *Thomas E. Mangines*, for the appellants (named plaintiff et al.).

*Jeffrey R. Babbin*, with whom, on the brief, was *Kenneth D. Heath*, for the appellees (named defendant et al.).

### Opinion

McLACHLAN, J. The plaintiff Mary Carrano, individually and as administratrix of the estate of her late husband, Phillip J. Carrano, Jr. (decedent),[1] appeals from the judgment of the trial court denying her motion for postjudgment interest on the judgment rendered in her favor against the defendants Yale-New Haven Hospital; Garth Ballantyne, a gastrointestinal surgeon; and Mary Harris, a registered nurse,[2] for the wrongful death of

---

[1] This medical malpractice action also was brought by Sarah Carrano, the daughter of the decedent. The trial court rendered summary judgment against her, however, and she has not appealed for that judgment. Accordingly, we refer to Mary Carrano in both of her capacities as the plaintiff. We note from the docketing statement filed with this court that the plaintiff is now known as Mary Carrano Sholomicky.

[2] The plaintiff also brought this action against two additional physicians, Andrew Elliot and Elton Cahow. The court directed a verdict in their favor and that ruling was not appealed. Accordingly, we refer to Yale-New Haven Hospital, Ballantyne and Harris as the defendants.

the decedent. The plaintiff claims that the court abused its discretion in failing to award the interest she requested pursuant to General Statutes (Rev. to 1991) § 37-3b. We affirm the judgment of the trial court.

The decedent was admitted to Bridgeport Hospital on February 24, 1992, for the treatment of a necrotic finger. While there, he began to experience complications from a preexisting condition of Crohn's disease. On March 11, he was transferred to Yale-New Haven Hospital where, on March 20, Ballantyne performed a colonoscopy to determine whether and to what extent surgery would be an appropriate next step in treating the Crohn's disease. At that time, the decedent developed swelling of his arms and legs caused by excess fluid. Despite the swelling, the decedent was released from Yale-New Haven Hospital on March 21, and died early the next morning from excess fluid in his lungs.

The plaintiff filed her complaint in Superior Court on April 18, 1994, and the case proceeded to trial in May, 2001. On June 8, the jury found in favor of the plaintiff and awarded damages in the amount of $3,386,177.85, which included economic damages in the amount of $738,029.85. The court rendered judgment in accordance with the verdict on December 20, 2001, and the defendants appealed from that judgment to this court. We reversed the judgment and remanded the case to the trial court for a new trial, having concluded that the court abused its discretion in awarding the plaintiff peremptory challenges not authorized by General Statutes (Rev. to 2001) §§ 51-241 and 51-243 (a). *Carrano* v. *Yale-New Haven Hospital,* 84 Conn. App. 656, 659, 854 A.2d 771 (2004), rev'd in part, 279 Conn. 622, 904 A.2d 149 (2006). We also addressed the defendants' claim that the plaintiff had presented insufficient evidence of economic damages and concluded that the evidence was insufficient as a matter of law. Id., 658 n.3.

The plaintiff, on the granting of certification, appealed to our Supreme Court. In *Carrano* v. *Yale-New Haven Hospital*, 279 Conn. 622, 904 A.2d 149 (2006), the majority of the court, with two justices dissenting, held that the record did not support the defendants' claim that they suffered harm as a result of the trial court's award of additional peremptory challenges, and, even if it was assumed arguendo that the award had been improper, a new trial was not required. Id., 642. The Supreme Court agreed with this court, however, that the plaintiff's evidence of economic damages was insufficient. Id., 653. Accordingly, it reversed the judgment of this court in part and remanded the case "with direction to vacate the judgment for the plaintiff in the amount of $3,386,177.85 and to render judgment in favor of the plaintiff in the amount of $2,653,124.85."[3] Id., 661.

Pursuant to the order of the Supreme Court, the original judgment of December 20, 2001, was vacated. By way of an order dated November 9, 2006, this court remanded the matter to the trial court for further proceedings consistent with the decision of the Supreme Court. On January 22, 2007, the plaintiff filed a motion for an award of interest pursuant to § 37-3b. The defendants, in anticipation of the entry of a new judgment by the Superior Court, paid the amount of the reduced judgment on January 31, 2007. A hearing on the motion was held on April 23, 2007, at which time the defendants filed their objection. In its memorandum of decision filed May 24, 2007, the court found that "the initial appeal to the Appellate Court by the defendants was bona fide and was in good faith, as evidenced by the decision in *Carrano* v. *Yale-New Haven Hospital*,

---

[3] The new judgment represented the amount of the original judgment less all but $4976.85 of the economic damages of $738,029.85 awarded by the jury. The defendants did not challenge the sufficiency of the evidence concerning funeral costs, which the jury found amounted to $4976.85. *Carrano* v. *Yale-New Haven Hospital*, supra, 279 Conn. 642 n.23.

supra, 84 Conn. App. 656, in which the Appellate Court reversed the decision of the trial court and ordered a new trial." The court denied the plaintiff's motion for postjudgment interest, and this appeal followed.

The sole issue on appeal is whether the court abused its discretion in failing to award the plaintiff postjudgment interest pursuant to § 37-3b.[4] Because the plaintiff's cause of action arose prior to May 27, 1997, the plaintiff relies on § 37-3b as first enacted in 1981. Section two of Public Acts 1981, No. 81-315, provides that postjudgment interest, calculated from the date of judgment, *may* be recovered in a personal injury action at a rate of no more than 10 percent per annum. The plaintiff conceded at oral argument that the court was not required to award postjudgment interest and that

[4] General Statutes § 37-3b currently provides: "(a) *For a cause of action arising on or after May 27, 1997*, interest at the rate of ten per cent a year, and no more, *shall be recovered and allowed* in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date that is twenty days after the date of judgment or the date that is ninety days after the date of verdict, whichever is earlier, upon the amount of the judgment.

"(b) If any plaintiff in such action files a postverdict or postjudgment motion or an appeal, the recovery of interest by such plaintiff shall be tolled and interest shall not be added to the judgment for the period that such postverdict or postjudgment motion or appeal is pending before the court. The provisions of this subsection shall not apply if the reason for the filing of a postverdict or postjudgment motion or appeal by the plaintiff is to reply to or answer a motion or appeal filed by a defendant." (Emphasis added.)

The decedent died on March 22, 1992. Because the plaintiff's cause of action arose prior to May 27, 1997, the version of the statute in effect at the time of the decedent's death is controlling for purposes of determining whether postjudgment interest should be awarded. General Statutes (Rev. to 1991) § 37-3b, prior to its amendment in 1997, provided: "For a cause of action arising on or after October 1, 1981, interest at the rate of ten per cent a year, and no more, *may be recovered and allowed* in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date of judgment." (Emphasis added.)

When the legislature enacted § 2 of Public Acts 1997, No. 97-58, it made the recovery of interest mandatory rather than discretionary for causes of action arising on or after May 27, 1997.

recovery of such interest was discretionary under the statutory provisions in effect at the time of the decedent's death in 1992.

"Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Landry* v. *Spitz*, 102 Conn. App. 34, 59, 925 A.2d 334 (2007). The plaintiff argues that the court abused its discretion "because there was no factual basis from which the court could have found that (1) money was not payable to the plaintiff and (2) the detention of the money by the defendants was rightfully withheld under the circumstances, postverdict."

In *Bower* v. *D'Onfro*, 45 Conn. App. 543, 696 A.2d 1285 (1997), this court set forth the applicable criteria for reviewing a trial court's award of postjudgment interest pursuant to § 37-3b, prior to the 1997 amendment, under the discretionary standard for recovery. "A decision to deny or grant postjudgment interest is primarily an equitable determination and a matter lying within the discretion of the trial court. . . . General Statutes [Rev. to 1985] § 37-3b provides in relevant part that interest at the rate of ten per cent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person . . . caused by negligence, computed from the date of judgment. In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . The court's determination regarding the award of interest should be made in view of the demands of justice rather than through the application of any arbitrary rule. . . .

Whether interest may be awarded depends on whether the money involved is payable . . . and whether the detention of the money is or is not wrongful under the circumstances." (Citations omitted; internal quotation marks omitted.) Id., 550–51.

In the present case, the court, in denying the plaintiff's motion, found that the defendants' appeal from its initial judgment was bona fide and was filed in good faith, as evidenced by the decision of this court reversing that judgment. The court noted that this court remanded the case for a new trial and that we expressly stated that the plaintiff's evidence of economic damages was insufficient as a matter of law. Further, although the Supreme Court reversed this court's judgment in part, the trial court noted that the Supreme Court had agreed that the evidence was insufficient with respect to economic damages and that it reduced the plaintiff's recovery from $3,386,177.85 to $2,653,124.85.

The plaintiff has conceded that the defendants' appeal was filed in good faith but argues that the court's refusal to award postjudgment interest on that basis was an abuse of discretion because the defendants' withholding of payment was wrongful. We first note that "[w]e have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was wrongful." (Internal quotation marks omitted.) *McCullough* v. *Waterside Associates*, 102 Conn. App. 23, 33, 925 A.2d 352, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007). The court reasonably could have concluded that the defendants' detention of the money awarded by the jury was not wrongful when they initially prevailed on their appeal and a new trial had been ordered. Further, this court, and subsequently our Supreme Court, agreed with the defendants that the award of economic damages was not supported by the evidence. Although a divided Supreme Court ultimately upheld the plaintiff's judgment, it reduced the

award of economic damages by a significant amount. Under those circumstances, a determination that the money was not wrongfully withheld clearly is supported by the record.

The plaintiff's argument also fails in light of our Supreme Court's decision in *MedValUSA Health Programs, Inc.* v. *MemberWorks, Inc.*, 273 Conn. 634, 872 A.2d 423, cert. denied sub nom. *Vertrue, Inc.* v. *MedValUSA Health Programs, Inc.*, 546 U.S. 960, 126 S. Ct. 479, 163 L. Ed. 2d 363 (2005). In that case, in reviewing the plaintiff's claim that the trial court abused its discretion in denying its motion for prejudgment interest and postjudgment interest pursuant to General Statutes § 37-3a, our Supreme Court concluded: "The trial court cited as its primary reason for denying the plaintiff's motion for interest pursuant to § 37-3a that the defendant had not wrongfully withheld the money because its arguments in opposition to the application to confirm the award and in support of its motion to vacate the award were not frivolous. This was an appropriate equitable consideration within the discretion of the trial court. The trial court's decision, therefore, was not an abuse of discretion." Id., 666.

Here, both parties presented arguments to the court about the propriety of awarding postjudgment interest. The court, after citing applicable case law and the criteria to be considered in its determination of whether postjudgment interest would be appropriate under the circumstances of this case, concluded that the plaintiff should not recover postjudgment interest because the defendants' appeal had been bona fide and had been filed in good faith. Upon review of the record, we conclude that the court did not abuse its discretion in making that determination.

The judgment is affirmed.

In this opinion the other judges concurred.