## MARK S. URICH *v.* RICHARD FISH
## (AC 29030)

Flynn, C. J., and Robinson and Stoughton, Js.

Argued December 9, 2008—officially released March 3, 2009

*Max F. Brunswick,* for the appellant (plaintiff).

*K. Wynne Bohonnon,* for the appellee (defendant).

*Opinion*

ROBINSON, J. The plaintiff, Mark S. Urich, appeals from the judgment of the trial court awarding the defendant, Richard Fish, postjudgment interest and attorney's fees. The plaintiff claims that the court improperly

(1) awarded additional attorney's fees to the defendant even though he was not a prevailing party under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and (2) concluded that the plaintiff was not entitled to postjudgment interest on his 1998 judgment. We affirm the judgment of the trial court.

The following facts and procedural history provide the necessary backdrop for the plaintiff's appeal. The present case arises from the plaintiff's 1993 sale of a yacht to the defendant. In 1994, the plaintiff commenced this action against the defendant seeking recovery of the balance of the contract price. The defendant filed a counterclaim seeking recovery under CUTPA for items purportedly withheld by the plaintiff in violation of the contract for sale. On March 30, 1998, the court, *Hon. Anthony V. DeMayo*, judge trial referee, rendered judgment in favor of the plaintiff in the amount of $20,000 and in favor of the defendant on his counterclaim in the amount of $20,005.72. Both parties appealed, and, on June 13, 2000, this court affirmed the judgment in favor of the plaintiff but reversed the judgment relating to the defendant's counterclaim. See *Urich* v. *Fish*, 58 Conn. App. 176, 753 A.2d 372 (2000). On remand, the court, *Blue, J.*, rendered judgment in favor of the defendant, finding that several items that should have been included in the sale price had been removed prior to delivery of the yacht. After a supplemental hearing, the court awarded the defendant punitive damages and attorney's fees under CUTPA, as well as prejudgment interest in accordance with General Statutes § 37-3a. The plaintiff appealed from this judgment and upon review of his arguments, our Supreme Court reversed and remanded the case once again. See *Urich* v. *Fish*, 261 Conn. 575, 804 A.2d 795 (2002).

At the conclusion of the third trial of the defendant's counterclaim, the court, *Hon. Frank S. Meadow*, judge

trial referee, rendered judgment in favor of the defendant and awarded damages in the amount of $12,427.41. The defendant also was awarded $14,395 in prejudgment interest pursuant to § 37-3a, $20,000 in punitive damages pursuant to CUTPA and $25,000 in attorney's fees pursuant to CUTPA. The plaintiff appealed from this judgment, claiming that the court improperly awarded (1) attorney's fees and punitive damages to the defendant under CUTPA, and (2) prejudgment interest pursuant to § 37-3a. This court did not address the merits of the first argument, however, having declined to review the claim due to the plaintiff's failure to raise it at the trial level. Regarding the second argument, this court concluded that the trial court did not abuse its discretion by awarding prejudgment interest. Accordingly, the judgment was affirmed. See *Urich* v. *Fish*, 97 Conn. App. 797, 801–803, 907 A.2d 96 (2006), cert. denied, 281 Conn. 926, 918 A.2d 280 (2007).

Following the resolution of the third appeal, the defendant filed two motions with the trial court requesting additional attorney's fees and postjudgment interest on his counterclaim judgment. The plaintiff filed an objection to both motions as well as his own motion for postjudgment interest on May 8, 2007. The defendant's motion requesting additional attorney's fees was granted on June 4, 2007, and the sum of $10,350 was awarded to the defendant. On July 6, 2007, the court granted the defendant's motion for postjudgment interest and subsequently awarded the defendant the sum of $18,947.52. On this same date, a memorandum of decision regarding postjudgment interest also was filed, in which the court denied the plaintiff's motion for postjudgment interest. The plaintiff then filed the present appeal.

We begin our analysis by setting forth the relevant standard of review. "Our standard of review for issues

of statutory interpretation is well settled. Issues of statutory construction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *State* v. *Cyrus*, 111 Conn. App. 482, 487–88, 959 A.2d 1054 (2008). "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *Lopa* v. *Brinker International, Inc.*, 111 Conn. App. 821, 825–26, 960 A.2d 1107 (2008), cert. granted on other grounds, 290 Conn. 913, 964 A.2d 547 (2009).

I

The plaintiff first argues that the court's decision to award attorney's fees to the defendant was improper because CUTPA authorizes such an award only to a prevailing plaintiff. We disagree because on the counterclaim, the defendant stands in the position of the plaintiff.

The plaintiff correctly acknowledges that CUTPA initially authorized an award of legal fees to "either party"

but that this language subsequently was amended to narrow the availability of such recovery. See Public Acts 1976, No. 76-303. The current version of General Statutes § 42-110g (d) provides in relevant part: "In any action brought by a person under this section, the court may award, *to the plaintiff*, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. . . ." (Emphasis added.) The plaintiff maintains that when the current language is viewed in the context of the legislative history, it establishes the legislature's clear intent to limit recovery of attorney's fees to plaintiffs only, and, therefore, the court was without authority to award attorney's fees to the defendant.

Although the plaintiff's review of the legislative history is accurate, his interpretation of the current statutory language is unpersuasive given the procedural context of the present case. Relying solely on the legislative history of CUTPA to support his argument that the award was improper, the plaintiff fails to provide any analysis or argument to address the fact that the defendant prevailed on his counterclaim pursuant to CUTPA and, therefore, was a counterclaim plaintiff not a defendant. As this court has stated previously, a counterclaim is an independent action. See *Urich* v. *Fish*, supra, 97 Conn. App. 803. Furthermore, this court previously has upheld awards for attorney's fees to a counterclaim plaintiff, and the plaintiff has failed to distinguish the present case from this long line of precedent. See, e.g., *Heller* v. *D. W. Fish Realty Co.*, 93 Conn. App. 727, 735, 890 A.2d 113 (2006) (concluding that court properly awarded named defendant attorney's fees related to CUTPA counterclaim); *Monetary Funding Group, Inc.* v. *Pluchino*, 87 Conn. App. 401, 413, 867 A.2d 841 (2005) (affirming judgment of court that awarded defendant attorney's fees after finding in his favor with respect

to CUTPA counterclaim); *Kronberg Bros., Inc.* v. *Steele,* 72 Conn. App. 53, 63, 804 A.2d 239 (same), cert. denied, 262 Conn. 912, 810 A.2d 277 (2002). Accordingly, we affirm the judgment of the trial court as to the award of attorney's fees.

## II

The plaintiff next argues that the court improperly failed to award postjudgment interest on his 1998 judgment. Specifically, he argues that he is entitled to postjudgment interest as a matter of law because the judgment constitutes a final resolution of the dispute. We disagree.

A review of the plaintiff's argument reveals a foundation of misinterpreted authority. Specifically, the plaintiff maintains that General Statutes § 52-350f provides for the automatic collection of postjudgment interest on money judgments; however, this argument is unsupported by the statutory language. Section 52-350f provides in relevant part: "The money judgment *may be enforced,* by execution or by foreclosure of a real property lien, to the amount of the money judgment with . . . interest as provided by chapter 673 on the money judgment . . . ." (Emphasis added.) General Statutes § 52-350f. Additionally, § 37-3a (a), the relevant statute of chapter 673, provides in relevant part: "[I]nterest at the rate of ten per cent a year, and no more, *may be recovered and allowed in civil actions* . . . as damages for the detention of money after it becomes payable. . . ." (Emphasis added.) General Statutes § 37-3a (a).

This court previously has determined that an award of postjudgment interest is authorized by § 37-3a. See *Aubin* v. *Miller,* 64 Conn. App. 781, 801, 781 A.2d 396 (2001); *Foley* v. *Huntington Co.,* 42 Conn. App. 712, 741, 682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996). This statute has been construed "to make the allowance of interest depend upon whether

the detention of the money is or is not wrongful under the circumstances. . . . The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court. . . . We have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was wrongful." (Internal quotation marks omitted.) *Sosin* v. *Sosin*, 109 Conn. App. 691, 703, 952 A.2d 1258, cert. granted on other grounds, 289 Conn. 934, 958 A.2d 1245 (2008); *McCullough* v. *Waterside Associates*, 102 Conn. App. 23, 33, 925 A.2d 352, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007). As an award of postjudgment interest is discretionary, the plaintiff's argument that he is entitled to postjudgment interest as a matter of law is premised on a misreading of statutory authority. Furthermore, he has failed to establish that the court abused its discretion by refusing to allow postjudgment interest.

The judgment is affirmed.

In this opinion the other judges concurred.