Susan BALLOU, Plaintiff,

v.

**LAW OFFICES HOWARD LEE SCHIFF, P.C., Defendant.**

No. 3:09cv913 (MRK).

United States District Court,
D. Connecticut.

May 21, 2010.

Joanne S. Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for Plaintiff.

Jeanine M. Dumont, Law Offices of Howard Lee Schiff, East Hartford, CT, Jill E. Alward, Stephen P. Brown, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Stamford, CT, Thomas A. Leghorn, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY, for Defendant.

## *AMENDED CERTIFICATION ORDER*

MARK R. KRAVITZ, District Judge.

This case arises under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, but turns on an interpretation of Connecticut law. Plaintiff Susan Ballou had two judgments entered against her in Connecticut Small Claims Court, one for $3203.11 and one for $997.28. In each case, the court ordered Ms. Ballou to pay in installments ($35 per week for the first judgment and $50 per month for the second). In April 2009, Defendant Law Offices Howard Lee Schiff, P.C. sought a bank execution against Ms. Ballou and directed the Marshal to add interest to the amount owed despite the fact that the Small Claims Court had not entered an order awarding post-judgment interest. The only issue in this case is whether Defendant's attempt to have interest added to the execution was a violation of the FDCPA. The answer to this question depends on whether, under Connecticut law, post-judgment interest is automatically applied to any unpaid balance of a judgment

when a court enters an installment payment order.

Pending before the Court are Plaintiff's Motion for Summary Judgment [doc. # 49] and Defendant's Renewed Motion for Summary Judgment [doc. # 70]. The Court held an oral argument on the issues raised by these motions on November 4, 2009.[1] Because it became clear to the Court that this case turned on an important undecided question of state law, rather than an interpretation of the FDCPA, the Court urged the parties to agree to certify certain questions to the Connecticut Supreme Court, and to provide the Court with joint stipulations of fact and proposed questions of law as required by Conn. Gen. Stat. § 51–199b(f). *See* Order [doc. # 39]. Unfortunately, despite broad agreement on the underlying facts and the dispositive questions of law, the parties were unable to reach a consensus on the certification order, and Ms. Ballou expressed her desire to have this Court decide this case. *See* Pl.'s Compliance with Order [doc. # 45]; Def.'s Proposed Petition for Cert. to Conn. Supreme Ct. [doc. # 44]. Thereafter, the parties filed the pending motions.

■ It has been this Court's practice to certify questions to the Connecticut Supreme Court only when the parties are able to agree on certification and stipulate to the facts and questions of law. The Court is sensitive to the demands on the Connecticut Supreme Court and does not wish to burden it with uncooperative parties. However, the Court departs from its preferred practice in this case for three reasons. First, despite the parties' inability to cooperate, there is essentially no disagreement about the underlying facts of this case. Second, the questions raised by the parties' motions are important and po-

tentially affect thousands of cases pending in and already decided by Connecticut courts. In each of those cases, collectors seeking to collect interest on court judgments could face liability under the FDCPA if the court entered an installment payment order. Third, the Court is confident that if it were to decide this issue itself and the losing party were to take an appeal, the Second Circuit would certify the questions in this case to the Connecticut Supreme Court. Therefore, the Court has decided to certify questions to the Connecticut Supreme Court despite the parties' inability to reach an agreement on certification. In order to facilitate the work of the Connecticut Supreme Court, this Court briefly explains the contested issue of law below.

As previously mentioned, this case turns on an interpretation of two Connecticut statutory provisions. The first is a general provision involving the imposition of post-judgment interest:

> Except as provided in sections 37–3b, 37–3c and 52–192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable.

Conn. Gen.Stat. § 37–3a(a). The second is the provision governing installment payment orders:

> (a) When a judgment is rendered against a natural person, the judgment creditor or judgment debtor may move the court for an order for installment payments in accordance with a money judgment. After hearing and consider-

---

1. At the time that the oral argument was held, only Defendant's initial Motion for Summary Judgment [doc. # 26] had been filed. However, the issues raised by the parties in their pending motions are identical to the issues briefed by the parties in conjunction with Defendant's initial motion and discussed at oral argument.

ation of the judgment debtor's financial circumstances, the court may order installment payments reasonably calculated to facilitate payment of the judgment. . . .

(c) Notwithstanding the hearing requirement of subsection (a) of this section, on motion of the judgment creditor for an order of nominal payments, the court shall issue ex parte, without hearing, an order for nominal installment payments. The amount which shall constitute an order of nominal payments shall be set by the judges of the superior court. Such an order for nominal payments may be modified on motion of either party after hearing and consideration of the judgment debtor's financial circumstances. . . .

(e) Interest on a money judgment shall continue to accrue under any installment payment order on such portion of the judgment as remains unpaid.

Conn. Gen.Stat. § 52–356d.

Defendant argues that § 52–356d(e) provides that post-judgment interest automatically applies to any unpaid balance under a judgment where the court has entered an installment payment order, and therefore they did not overstate the debt in violation of the FDCPA when they added interest. Plaintiff responds that post-judgment interest is within the discretion of the court under Connecticut law, and § 52–356d(e) provides only for the continued payment of post-judgment interest where the court has already ordered interest. Therefore, because the court did not order interest to be paid in this case, Defendant's attempt to collect interest violated the FDCPA.

▮ The question raised by the parties has not been decided by any Connecticut court, and both arguments have some merit. On the one hand, § 37–3a(a) applies to post-judgment interest. *See Urich v. Fish,* 112 Conn.App. 837, 843, 965

A.2d 567 (2009). Under Connecticut law, an award of post-judgment interest is generally discretionary, and it depends on "whether the detention of the money is or is not wrongful under the circumstances. . . . The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court." *Id.* at 843–44, 965 A.2d 567 (internal quotation marks and citation omitted); *see also MedValUSA Health Programs, Inc. v. MemberWorks, Inc.,* 273 Conn. 634, 666, 872 A.2d 423 (2005); *Hartford Steam Boiler Inspection & Ins. Co. v. Underwriters at Lloyd's & Cos. Collective,* 121 Conn. App. 31, 61–64, 994 A.2d 262 (2010); *Carrano v. Yale–New Haven Hospital,* 112 Conn.App. 767, 771–74, 963 A.2d 1117 (2009); *Sosin v. Sosin,* 109 Conn.App. 691, 703–04, 952 A.2d 1258 (2008); *Bower v. D'Onfro,* 45 Conn.App. 543, 550–51, 696 A.2d 1285 (1997).

On the other hand, the language of § 52–356d(e) *could* be read to make interest automatic when there is an installment payment order, even though it is discretionary when no such order has been entered. If the language of § 52–356d(e) simply said that interest "shall accrue," the Court would have no hesitation in adopting this interpretation. However, the word "continue" might imply that interest does not accrue unless a court has first ordered interest to be paid pursuant to § 37–3a(a). In other words, adopting Defendant's interpretation might make the word "continue" superfluous. In addition, it is unclear what rate of interest would apply if post-judgment interest were automatic. Section 37–3a(a) sets a ceiling of ten percent, but courts have discretion to vary that rate. That being said, the Connecticut Appellate Court has held, in the context of *pre*-judgment interest, that there is a rebuttable presumption in favor of the ten percent rate, *see Suffield Dev. Assoc. L.P.*

*v. Nat'l Loan Investors, L.P.*, 97 Conn. App. 541, 569–70, 905 A.2d 1214 (2006), and this same logic could be extended to the rate of post-judgment interest on installment payment orders.

Defendant has also represented to the Court that it is routine for the Connecticut Small Claims Court and the Connecticut Superior Court to issue installment payment orders, and for creditors to automatically add interest to such orders. Defendant relies in part on a pamphlet entitled *The Small Claims Process*, put out by the Connecticut Superior Court, which includes the following language:

> Can I collect the costs incurred in obtaining the judgment and postjudgment interest? Yes. Pursuant to the Connecticut General Statutes, the judgment creditor is entitled to collect all costs and statutory fees incurred in obtaining the judgment and postjudgment interest. Postjudgment interest continues to accrue until the debt is satisfied in full. If an execution is issued and served, the amount of postjudgment interest due will be calculated by the officer who served the execution.

*See The Small Claims Process* 15 (2005). However, since this case was initiated the language of that pamphlet has been changed to read as follows:

> Can I collect the costs I spent to get judgment and can I collect interest on the judgment from the time the judgment was decided? Yes. Under the Connecticut General Statutes, the judgment creditor (the person who won the case) may collect all costs and statutory fees paid in getting the judgment. *If the court orders it, interest on the judgment from the time the judgment was decided (postjudgment interest) may also be collected at a rate of interest also decided by the court. If postjudgment interest is ordered by the court, it continues to add up and increase the*

*amount owed until the debt is paid in full. If an execution is issued and delivered, and if the court ordered it, the amount of postjudgment interest that can be collected will be figured out by the officer who delivers the execution.*
*See How Small Claims Court Works* 19–20 (2010), *available at* http://www.jud.ct.gov/Publications/CV045.pdf (emphasis added). The Connecticut execution forms have also been changed accordingly. *See* Wage Execution Proceedings Application, Order, Execution, *available at* http://www.jud2.ct.gov/webforms/forms/cv003.pdf.

■ The Court notes that, in the Second Circuit, a mistake of law is not a defense under the FDCPA. *See Gervais v. Riddle & Assoc., P.C,* 479 F.Supp.2d 270, 279 (D.Conn.2007) (citing cases in which the Second Circuit has held that the bona fide error defense does not apply to mistakes of law). The Supreme Court also recently held that a mistaken interpretation of the FDCPA itself is not a defense under the statute. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. ——, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010). Although the Supreme Court explicitly stated that its holding did not apply to mistakes of state law or federal law other than the FDCPA, *id.* at 1611 n. 4, the reasoning of *Jerman* would seem to apply to all mistakes of law. Nonetheless, the Court need not decide whether *Jerman* covers all mistakes of law since prior Second Circuit precedent holds that a mistake of law is not a defense. Before this Court holds that every collector who added interest to a judgment to be paid in installments is in violation of Connecticut law, and thus the FDCPA if within the one-year statute of limitations, the Court seeks to clarify this unsettled question of Connecticut law by certifying it to the Connecticut Supreme Court.

Therefore, it appears to the Court that:

1. The answer to one or more of the following questions of law may be determinative of issues pending in this litigation.

2. There is no controlling appellate decision, constitutional provision, or statute of the State of Connecticut.

3. The questions of law involve matters of public interest.

Accordingly, pursuant to Conn. Gen. Stat. § 51–199b(f), the Court hereby orders as follows:

**I. THE FOLLOWING QUESTIONS OF LAW ARE CERTIFIED TO THE CONNECTICUT SUPREME COURT:**

A. Does Conn. Gen.Stat. § 52–356d(e) provide for the automatic accrual of postjudgment interest on all judgments in which an installment payment order has been entered by the court?

B. If question "A" is answered in the affirmative, what rate of post-judgment interest applies?

**II. THE FACTS RELEVANT TO THESE QUESTIONS, SHOWING FULLY THE NATURE OF THE CONTROVERSY OUT OF WHICH THE QUESTIONS AROSE ARE:**

1. Ms. Ballou owed balances on two judgments obtained by Midland Funding, LLC in the Connecticut Small Claims Court.

2. In *Midland Funding, LLC v. Ballou*, No. SCC 132477, the Small Claims Court entered judgment against Ms. Ballou in the amount of $3,203.11.

3. In *Midland Funding, LLC v. Ballou*, No. SCC 198813, the Small Claims Court entered judgment against Ms. Ballou in the amount of $997.28.

4. In each case, the Small Claims Court entered an installment payment order pursuant to Conn. Gen. Stat. § 52–356d(c). Specifically, the Court ordered Ms. Ballou to pay $35 per week to satisfy the first judgment and $50 per week to satisfy the second judgment.

5. Defendant did not apply for an order awarding post-judgment interest in these cases, nor did the court issue such an order in either case.

6. Defendant sought to collect the judgment amounts plus post-judgment interest at the rate of ten percent. Specifically, Defendant sought a bank execution against Ms. Ballou and directed the Marshal to add interest at ten percent to the amount of the judgment.

**III. THE CONNECTICUT SUPREME COURT MAY REFORMULATE THE QUESTIONS OF LAW CERTIFIED TO IT HEREIN**

**IV. THE PARTIES IN THIS ACTION ARE REPRESENTED BY:**

Joanne S. Faulkner
Law Offices of Joanne Faulkner
123 Avon St.
New Haven, CT 06511–2422
(203) 772–0395
For Plaintiff Susan Ballou

Jeanine M. Dumont
Law Offices Howard Lee Schiff PC
510 Tolland St.
East Hartford, CT 06108
(860) 528–9991
For Defendant Law Offices Howard Lee Schiff PC

Accordingly, it is hereby ordered that the Clerk of the Court shall transmit to the Connecticut Supreme Court under the official seal of this Court a copy of the Court's Certification Order, and all or any part of the record in this case that may be requested by the Connecticut Supreme Court for its use in deciding the questions certified.

The parties are hereby ordered to supply the Clerk no later than June 1, 2010, with the number of copies required to be forwarded to the Connecticut Supreme Court. *See* Conn. R.App. Proc. § 82–4

(requiring eight (8) copies of all documents relating to the questions certified).

IT IS SO ORDERED