## DISCOVER BANK *v.* RUDOLF MAYER
### (AC 32031)

DiPentima, C. J., and Bishop and Robinson, Js.

Argued January 6—officially released April 12, 2011

*Jeanine M. Dumont,* with whom was *Heath A. Tiberio,* for the appellant (plaintiff).

*Opinion*

ROBINSON, J. This is an appeal from the judgment of the trial court rendered in favor of the plaintiff, Discover Bank, in its action for damages claimed to be due under a credit card agreement. The plaintiff appeals from the part of the judgment denying its request for postjudgment interest. On appeal, the plaintiff claims that the court improperly denied its request for postjudgment interest because General Statutes § 52-356d (e) requires that interest accrue automatically on any unpaid portion of a judgment when installment payments have been ordered by the court. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The defendant, Rudolf Mayer, entered into an agreement with the plaintiff for a credit card account. The defendant subsequently incurred a balance of $13,334.05 on the account. The defendant failed to pay any part of the account balance, and, consequently, on November 4, 2009, the plaintiff commenced this action against the defendant to collect the account balance. In its complaint, the plaintiff sought

money damages, attorney's fees, costs, contractual interest and postjudgment interest pursuant to General Statutes § 37-3a.[1] On December 22, 2009, the plaintiff filed a motion for default for failure to appear and for an order of weekly payments. On February 23, 2010, the court rendered a judgment of default against the defendant and ordered him to pay the account balance of $13,334.05 in weekly installments of $35, in addition to $352 in costs. The court denied the plaintiff's requests for attorney's fees, contractual interest and postjudgment interest. The plaintiff appealed from that decision on March 9, 2010.

On March 15, 2010, the plaintiff filed a motion for articulation of the court's decision denying its request for postjudgment interest. The court denied the motion, and the plaintiff filed a motion for review of the court's denial of its motion for articulation. On June 16, 2010, this court granted review and ordered the trial court to articulate the legal and factual basis for denying the plaintiff's request for postjudgment interest. In its articulation, the court explained that its decision to deny the plaintiff's request for postjudgment interest was based on three separate grounds: (1) interest awards under § 37-3a are discretionary, and not mandatory; (2) *O'Hara* v. *State*, 218 Conn. 628, 590 A.2d 948 (1991), supported the discretionary nature of the decision to award postjudgment interest; and (3) principles of equity counseled against awarding postjudgment interest in view of the circumstances of the case.

On appeal, the plaintiff claims that the court improperly denied its request for postjudgment interest. In support of its claim, the plaintiff argues that the plain language of § 52-356d (e) requires that interest accrue

---

[1] General Statutes § 37-3a (a) provides in relevant part: "[I]nterest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

automatically on any unpaid portion of a judgment when installment payments have been ordered by the court.[2] We disagree.

The plaintiff's claim raises an issue of statutory interpretation to which we afford plenary review. See *American Promotional Events, Inc.* v. *Blumenthal*, 285 Conn. 192, 202, 937 A.2d 1184 (2008). "Our standard of review for issues of statutory interpretation is well settled. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law

---

[2] The plaintiff also claims that the court's decision to deny its request for postjudgment interest on principles of equity was improper. Because we affirm the decision on the first ground articulated by the court, we do not address the merits of the plaintiff's argument challenging the third ground. Additionally, we note that the plaintiff does not claim that the court's denial of its request for postjudgment interest constituted an abuse of discretion, and, therefore, we decline to review the court's denial for an abuse of discretion. See *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 121 Conn. App. 31, 62–64, 994 A.2d 262 (appellate court reviews trial court's denial of postjudgment interest for abuse of discretion), cert. denied, 297 Conn. 918, 996 A.2d 277 (2010).

principles governing the same general subject matter
. . . ." (Citation omitted; internal quotation marks
omitted.) *Urich* v. *Fish*, 112 Conn. App. 837, 840–41,
965 A.2d 567, cert. denied, 292 Conn. 909, 973 A.2d
109 (2009).

With these principles in mind, we begin our analysis
by examining the language of the relevant statute. Sec-
tion 52-356d (e) provides that "[i]nterest on a money
judgment shall continue to accrue under any installment
payment order on such portion of the judgment as
remains unpaid." The plaintiff contends that the legisla-
ture's use of the word "shall" makes the accrual of
interest in installment payment order cases mandatory.
The plaintiff, however, ignores that the word "shall" is
juxtaposed with the word "continue," and not with the
word "accrue." The plaintiff's reading would have the
effect of rendering the word "continue" inoperative.
The word "continue" means to "keep up or maintain,
especially without interruption, a particular condition,
course, or series of actions." See Webster's Third New
International Dictionary 493 (2002). The definition of
the word "continue" reveals that it presupposes, and
relates in its operation, to an existing thing or condition,
which in the case of § 52-356d (e), is the existence of
an award of interest on a money judgment. Section 52-
356d, however, does not indicate the derivation of the
interest that shall continue to accrue on a money judg-
ment. In order to determine the source of the interest
that § 52-356d (e) refers to, we look to the statute's
relationship with other statutes.

Section 52-356d (e) is located within chapter 906 of
the General Statutes, which is titled "Postjudgment Pro-
cedures." In General Statutes § 52-350a (15), "postjudg-
ment procedure" is defined in relevant part as "any
procedure commenced after rendition of a money judg-
ment . . . ." "Money judgment" is defined in relevant
part as "a judgment, order or decree of the court calling

in whole or in part for the payment of a sum of money
. . . ." General Statutes § 52-350a (13). Section 52-356d
(a) provides in relevant part that "[w]hen a judgment
is rendered against a natural person, the judgment credi-
tor or judgment debtor may move the court for an order
for installment payments in accordance with a money
judgment. . . ." If a judgment debtor defaults on an
installment payment order, the judgment creditor may
apply for a wage execution. General Statutes § 52-356d
(d). A "money judgment may be enforced, by execution
. . . to the amount of the money judgment with (1) all
statutory costs and fees as provided by the general
statutes, (2) *interest as provided by chapter 673 on the
money judgment* and on the costs incurred in obtaining
the judgment, and (3) any attorney's fees allowed pursu-
ant to section 52-400c." (Emphasis added.) General Stat-
utes § 52-350f. The relevant statute in chapter 673 is
§ 37-3a. Section 37-3a (a) provides in relevant part:
"[I]nterest at the rate of ten per cent a year, and no
more, *may be recovered* and allowed in civil actions
. . . as damages for the detention of money after it
becomes payable. . . ." (Emphasis added.)

It is apparent, therefore, that the interest referred to
in § 52-356d (e) is derived from an award of interest
pursuant to § 37-3a. This court previously has deter-
mined that "an award of postjudgment interest is
authorized by § 37-3a"; *Urich* v. *Fish*, supra, 112 Conn.
App. 843; and "[a] decision to deny or grant postjudg-
ment interest is primarily an equitable determination
and a matter lying within the discretion of the trial
court." (Internal quotation marks omitted.) *TDS Paint-
ing & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73
Conn. App. 492, 511, 808 A.2d 726, cert. denied, 262
Conn. 925, 814 A.2d 379 (2002). Contrary to the plain-
tiff's contention, this exercise of discretion is not, in
any way, circumscribed in cases where installment pay-
ments have been ordered by the court. The plain lan-
guage of § 52-356d (e), as well as its relationship with

other statutes, makes clear that a judgment creditor may request postjudgment interest to accrue on a money judgment pursuant to § 37-3a, and that such interest, if awarded, shall continue to accrue on the unpaid portion of a money judgment in cases where installment payments have been ordered by the court. Accordingly, because the award of postjudgment interest is discretionary, and the plaintiff does not claim that the court's denial of its request for postjudgment interest constituted an abuse of discretion, we affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.