# LUTHER E. THURLOW ET AL. *v.* LEE ANN HULTEN ET AL.
## (AC 30398)

Bishop, Bear and Peters, Js.

Argued March 9—officially released July 5, 2011

*Michael S. Bonnano*, with whom, on the brief, was *Paul M. Geraghty*, for the appellants-cross appellees (defendants).

*Richard S. Cody*, with whom, on the brief, was *Jon B. Chase*, for the appellees-cross appellants (plaintiffs).

*Opinion*

PETERS, J. "[T]he determination of the scope of an easement is a question of fact . . . [and the] decision as to what would constitute a reasonable use of a right-of-way is for the trier of fact whose decision may not be overturned unless it is clearly erroneous." (Internal quotation marks omitted.) *Stefanoni* v. *Duncan*, 282 Conn. 686, 699, 923 A.2d 737 (2007). The dispositive issue in this appeal is the relationship between this fact-finding responsibility of the trial court and the procedural requirement of General Statutes § 47-31 (d) that,

in an action for adjudication of a claimed interest in real or personal property, the answer of a defendant must identify "the nature and extent of the estate, interest or encumbrance which he claims . . . ." The defendants challenge the propriety of the trial court's conclusion that they failed to comply with § 47-31 (d) and therefore were precluded from contesting the plaintiffs' right to access an easement over the defendants' property for all lawful purposes. We reverse the judgment of the court and remand the case for a new trial.

On June 14, 2006, the plaintiffs, Luther E. Thurlow, Anthony Denning and Steven Pelletier, filed a nine count substituted complaint, alleging, inter alia, that the defendants, Lee Ann Hulten and Linda K. Dieters, had blocked their access to an easement for which they sought to quiet title pursuant to § 47-31.[1] As exhibits to their complaint, the plaintiffs attached two quitclaim deeds, one describing a nine acre parcel of land located in the town of Canterbury with an express easement over the defendants' land, the other describing the parcel owned by the defendants.

On September 25, 2006, the defendants filed their amended answer. They admitted to being the record owners of the parcel of land described in the attachment to the plaintiffs' substituted complaint but denied that their parcel was encumbered by a right-of-way in favor of the plaintiffs.

On October 30, 2007, the court, *Hon. D. Michael Hurley*, judge trial referee, rendered judgment in favor of the plaintiffs on their claim for quiet title and for an injunction preventing the defendants from interfering

---

[1] In addition to the count for quiet title, the complaint also contained counts for easement by prescription under claim of title, easement by prescription, injunction for obstruction of the right-of-way, trespass, negligence, conversion, tortious interference with business relations and tortious interference with contract.

with the plaintiffs' use of the easement. The court did not address the plaintiffs' other claims. The defendants have appealed.

The following facts are largely undisputed. On April 10, 2003, in a quitclaim deed describing and conveying a parcel of land, referred to at trial as "lot 21," the plaintiffs' predecessors in title conveyed to them an easement over a parcel of land owned by the defendants. The relevant language in the easement conveyed a right-of-way "as deeded to Frank H. Tillinghast by Mrs. George Bromley, Adm. of Estate of Joseph Farnum and is described as follows; A right of way from my house across two lots and through-wood; and following the path thence to what is called the Rainsford Wood lot, for the purpose of going to and from said lot, cut and cart wood and timber standing on said lot and occupying said lot, always putting up bars on said lot."

The defendants maintain that they first learned of the claimed right-of-way in 1999, when the plaintiffs' predecessors listed lot 21 for sale with a right-of-way. The defendants' attorney, Stuart R. Norman, Jr., wrote a letter to one of the plaintiffs' predecessors, Leonard L. Montesi, notifying him that the defendants contested the right-of-way.[2] Norman testified that, in response to the letter, Montesi had called Norman to say that "for the sake of being neighbors they wouldn't drive across the property . . . ." There was evidence at trial that the plaintiffs were aware of this dispute when they purchased lot 21 in 2003.

Following the closing, Denning began using lot 21 for recreational purposes such as hunting and riding

[2] We note that the plaintiffs characterize this letter as contesting the very existence of any pathway on the defendants' land. At trial, however, the defendant Hulten testified that the pathway did exist at the time the letter was written, but that it had never existed for purposes of a right-of-way across the land.

all-terrain vehicles, and for business purposes such as cutting firewood in anticipation of selling it. Denning testified that he accessed lot 21 using the pathway described in the quitclaim deed across the property of the defendants.[3] Although the defendants attempted to block his access in various ways, Denning continued using the contested pathway to access his property until a confrontation with one of the defendants in late 2004. After that confrontation, the plaintiffs stopped using the pathway and brought the present action.

Ruling in favor of the plaintiffs on the quiet title count of their substituted complaint, the court held that the defendants' pleading failed to conform to the requirements of § 47-31 (d), and that they therefore could not contest either the existence of, or the extent of, the plaintiffs' use of the easement. Accordingly, the court concluded that the easement allowed the plaintiffs to use the pathway for any lawful purposes.

The defendants have appealed, claiming that the court improperly (1) held that they had failed to comply with the requirement of § 47-31 that they plead their interest in an estate contrary to that claimed by the plaintiffs, (2) enlarged the scope of the plaintiffs' easement and (3) denied their various posttrial motions, including their motion to reargue and a motion for a new trial. We agree with the defendants' first two claims, and, therefore, reverse the judgment of the court.[4] In anticipation of a new trial, we also hold that the court improperly enlarged the scope of the easement to permit the plaintiffs to use their right-of-way "for all lawful purposes." Our resolution of these issues

[3] There is no claim that the right-of-way was the plaintiffs' only access to lot 21. The plaintiffs, therefore, are not claiming to have an easement by necessity.

[4] The plaintiffs have cross appealed, claiming that the court improperly denied their claim for monetary damages. In light of our conclusion on the defendants' appeal, we do not reach this claim.

obviates the need for us to resolve the other claims of the parties.[5]

## I

The defendants maintain that the court improperly held that they had failed to plead an estate contrary to that alleged in the plaintiffs' substituted complaint and attached exhibits and improperly concluded that, pursuant to § 47-31 (d), this deficiency in their pleading precluded them from contesting the plaintiffs' claimed easement at trial.[6] We agree with the defendants.

Section 47-31 (d) provides that in actions for quiet title, "[e]ach defendant shall, in his answer, state whether or not he claims any estate or interest in, or encumbrance on, the property, or any part of it, and, if so, the nature and extent of the estate, interest or encumbrance which he claims, and he shall set out the manner in which the estate, interest or encumbrance is claimed to be derived." According to well established principles, we exercise plenary review over questions involving statutory interpretation. *Discover Bank* v. *Mayer*, 127 Conn. App. 813, 816, 17 A.3d 80 (2011).

---

[5] On November 15, 2007, shortly after rendering judgment in this case, Judge Hurley died. On November 16, 2007, the defendants filed a motion to reargue, and on November 27, 2007, they filed a motion for a new trial. On September 11, 2008, the court, *Martin, J.*, denied both motions.

We note that the plaintiffs have raised a final judgment issue, arguing that the notice of the denial of a motion for a new trial was sent after the notice of the denial of the motion to reargue from which the defendants appealed, and no new appeal was taken. The plaintiffs argue that, because the motion for a new trial could have rendered the judgment appealed from ineffective, the defendants' appeal from the earlier motion to reargue was not from a final judgment. On February 25, 2009, this court denied a motion to dismiss asserting the same grounds raised in the plaintiffs' appellate brief. As no new grounds have been raised, we decline to address the plaintiffs' final judgment argument.

[6] Although the court also found that, at trial, the plaintiffs had presented evidence in support of their claimed right to an easement over the defendants' property, the court's judgment in their favor was based on the applicability of § 47-31 (d).

Our review is guided by General Statutes § 1-2z, which requires us to rely on the plain meaning of the statutory text.

In the relevant portions of their answer, the defendants *admitted* that they had an ownership interest in the property described in the deed attached to the plaintiffs' complaint, and *denied* the plaintiffs' allegation that they held an unrestricted easement to use a right-of-way over the defendants' parcel. The defendants contend that these pleadings satisfied the requirements of the statute because, in the deed attached to the *plaintiffs'* complaint, the plaintiffs adequately had set forth the defendants' interest of unencumbered ownership of the parcel of land.

At trial, over the objection of the plaintiffs, the defendants presented evidence to establish their *ownership* of the property so as to have a basis for contesting plaintiffs' claim of an *easement* over the property. The parties contested both the existence of the easement described in the plaintiffs' deed and the scope of the easement established thereby. During the trial, the court expressly reserved judgment on the admissibility of the defendants' evidence. Thereafter, in its final judgment, the court resolved this issue in favor of the plaintiffs. The defendants' appeal challenges the validity of the court's ruling.

"Pleadings have an essential purpose in the judicial process. . . . The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried . . . . For that reason, [i]t is imperative that the court and opposing counsel be able to rely on the statement of issues as set forth in the pleadings." (Citations omitted; internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 528, 955 A.2d 667 (2008). However, "[i]t is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the

pursuit of its complaint for mere circumstantial defects. . . . It is our expressed policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Citations omitted; internal quotation marks omitted.) *Boyles* v. *Preston*, 68 Conn. App. 596, 603, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853 (2002).

The defendants argue that if the complaint sets forth the defendants' interest in the estate, the "answer should simply admit the allegations of the complaint, and thereupon the question of law determinative of the conflicting claims of title would be in issue." (Internal quotation marks omitted.) *Hartford-Connecticut Trust Co.* v. *Cambell*, 95 Conn. 399, 403, 111 A. 864 (1920). Additionally, they cite *Loewenberg* v. *Wallace*, 147 Conn. 689, 166 A.2d 150 (1960), in which our Supreme Court discussed the pleading requirements of the respective parties pursuant to § 47-31: "A plaintiff's proof of an interest necessary to enable him to maintain an action under the statute is technically distinct from his proof of the facts necessary to entitle him to an affirmative adjudication in his favor. It is for this reason that a defendant may, if he chooses, put in issue whether the plaintiff has, within the purview of the allegations of the complaint, title to, or an interest in, the property sufficient to enable him to maintain the action. . . . If the allegations of the complaint fail on their face to show in the plaintiff such a title to, or interest in, the property, their insufficiency may be attacked by demurrer. . . . If a defendant desires to controvert their truth, *he may do so by denying them in his answer.*" (Citations omitted; emphasis added.) Id., 693.

The plaintiffs do not contest seriously the defendants' argument that the pleadings in this case must be read as a whole, so that the plaintiffs' pleadings inform the inferences to be drawn from the defendants' pleading

denying the existence of the easement. They do, however, challenge the sufficiency of the defendants' pleadings to raise the issue of whether the plaintiffs have overused their easement on the defendants' pathway. "The issue of [reasonable use] is a question of fact to be determined on a case by case basis, considering all the relevant circumstances, including such factors as the amount of harm caused, its foreseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of the harm resulting." *Peterson* v. *Oxford*, 189 Conn. 740, 745, 459 A.2d 100 (1983). The plaintiffs maintain that the defendants' denial of the *existence* of the plaintiffs' easement did not give notice that the defendants would contest the *scope* of the plaintiffs' easement. For this reason, they ask us to sustain the trial court's procedural ruling in their favor.

In support of their strict construction of § 47-31 (d), the plaintiffs rely on *Loewenberg* v. *Wallace*, supra, 147 Conn. 689, and *Wynnick* v. *Allen*, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV-00-00708047S (July 1, 2002). The plaintiffs cite the court's statement, in *Loewenberg*, that the defendants, who were claiming adverse possession of a disputed strip of land, were required to "describe it, and the manner in which [they] acquired it, in [their] answer." *Loewenberg* v. *Wallace*, supra, 698. In its ruling, however, the *Loewenberg* opinion did not rely on the pleadings but addressed the merits of the adverse possession claim that was in dispute. Id., 699. In *Wynnick*, the court held that a defendant who, in his answer, had failed to state *any* interest in the property at issue, was precluded by § 47-31 from pursuing a claim of adverse possession at trial. We are not persuaded that either of these precedents is enlightening under the circumstances of this case.

The question that remains, therefore, as a matter of first impression, is whether the plaintiffs were entitled, in this case, as a matter of proper pleading under § 47-31, to express notice in the defendants' answer that the defendants would contest the propriety of their *use* of their easement. Our Supreme Court repeatedly has enjoined us to eschew applying the law in such a hyper-technical manner that we would elevate form over substance. *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 34, 848 A.2d 418 (2004). In the present case, the pleadings, taken as a whole, advised the plaintiffs that the defendants unequivocally claimed ownership of an unencumbered parcel of land, as described in the deed attached as an exhibit to the plaintiffs' complaint. We hold that, by expressly contesting the existence of the easement claimed by the plaintiffs, the defendants impliedly informed the plaintiffs and the court that they were reserving their right to contest the scope of the easement.

We hold, therefore, that the trial court improperly concluded that the defendants failed to plead an estate contrary to that of the plaintiffs' alleged easement.

The judgment of the court in favor of the plaintiffs must be set aside and the case remanded for a new trial.

## II

In light of the need for a retrial, we have decided to provide guidance regarding another underlying issue of law that this case presents. The defendants claim that, in addition to improperly finding that they had failed to plead an estate contrary to that alleged in the plaintiffs' complaint, the court improperly enlarged the scope of the easement to permit the plaintiffs to use their right-of-way "for all lawful purposes." We agree with the defendants.

"In determining the scope of an express easement, the language of the grant is paramount in discerning

the parties' intent. In order to resolve ambiguities in the language, however, the situation and circumstances existing at the time the easement was created may also be considered." *Leposky* v. *Fenton*, 100 Conn. App. 774, 778, 919 A.2d 533 (2007).

The text of the plaintiffs' deed provided for a right-of-way "for the purpose of going to and from said lot, cut and cart wood and timber standing on said lot and occupying said lot . . . ." The defendants maintain that the language of the easement and the plain meaning of the terms therein must be read as a *restriction* on the activities in which the plaintiffs may engage in their use of the right-of-way. By contrast, the plaintiffs assert on appeal, as they did at trial, that they are free to use the right-of-way for any purpose.[7] Although, at trial, they presented evidence concerning their own use of the easement, they presented no evidence to show that the parties intended to deviate from the plain meaning of the terms of the express easement as alleged in the plaintiffs' complaint.

For additional support of the trial court's ruling, the plaintiffs argue that, because the wording of the easement was ambiguous, the court was free to interpret their easement by a reasonable use standard. We note, however, that the court did not identify any ambiguity in the terms of the easement and did not offer any justification for its departure from the plain language of the easement. In light of this record, we reverse the court's conclusion that the scope of the easement, if

---

[7] The plaintiffs also contest the defendants' right to challenge the court's determination of the scope of the easement. Even if we agreed with them that the defendants may not now assert an alternative to what was in the pleadings, that conclusion would not prevent the defendants from challenging the court's interpretation of the plain meaning of an express easement. Even if the defendants could be found to have admitted to the existence and the validity of the plaintiffs' easement, such an admission would not authorize the court, in determining the scope of the easement, to disregard express limitations in the easement's stated terms.

one exists, permits the plaintiffs' use of the defendants' pathway for all lawful purposes.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.