******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LUTHER E. THURLOW ET AL. *v.* LEE
ANN HULTEN ET AL.

LEE ANN HULTEN ET AL. *v.* LUTHER E.
THURLOW ET AL.
(AC 37568)

DiPentima, C. J., and Sheldon and Blue, Js.

*Argued March 21—officially released June 6, 2017*

((Appeal from Superior Court, judicial district of
Hartford, Complex Litigation Docket, Bright, J.)

*Richard S. Cody*, with whom, on the brief, was *Jon
B. Chase*, for the appellants-appellees (plaintiffs in the
first case, defendants in the second case).

*Michael S. Bonnano*, for the appellees-appellants
(defendants in the first case, plaintiffs in the second
case).

*Opinion*

PER CURIAM. This appeal and cross appeal arise out of two actions brought to the trial court, which were consolidated for trial, stemming from a property dispute between adjoining landowners in Canterbury. In the first action, Luther E. Thurlow, Anthony Denning, and Steven Pelletier (Thurlow parties),[1] claimed that Lee Ann Hulten and Linda K. Dieters (Hulten parties), had interfered with their right to access their landlocked property via easements over the Hulten parties' property, comprised of two separate parcels, lot A and lot B. The Thurlow parties claimed an express easement over lot A and an easement by necessity or an easement by implication over lot B. The Thurlow parties claimed that they had sustained damages as a result of the actions of the Hulten parties in restricting their use of the easements. In the second action, the Hulten parties claimed that the Thurlow parties had been trespassing on their property and sought to quiet title to the disputed property. The Hulten parties denied the existence of any easement over their property, but claimed that, even if an easement existed, it was limited to lot A. They thus sought to enjoin the Thurlow parties from using the claimed easement over lot B. The Hulten parties also sought to quiet title as to the size and boundaries of lot B and to recover damages for the unauthorized cutting and removal of timber from land they claimed to be part of lot B.

The trial court found that the Thurlow parties had an express easement over a path off of Gooseneck Hill Road that ran through the Hulten parties' property, lot A. It rejected the Thurlow parties' claim that they had an easement by necessity or by implication running from the northern border of lot A across lot B, to its northern border with the Thurlow parties' landlocked property, and it denied the Thurlow parties' request for an injunction preventing the Hulten parties from blocking access to the claimed easement. The court further determined that to the extent that the Hulten parties have blocked the Thurlow parties from accessing the easement, the Thurlow parties failed to establish that they had suffered any harm.

The Thurlow parties filed this appeal from the judgment of the trial court, and the Hulten parties filed a cross appeal. In their appeal, the Thurlow parties claim that the trial court erred in finding that they did not have an easement by necessity or by implication over lot B; that the court erred in failing to enjoin the Hulten parties from blocking their use of the express easement over lot A; and that the court erred in precluding them from submitting evidence in support of their claim that they had suffered damages when the Hulten parties blocked them from accessing firewood on their property. In their cross appeal, the Hulten parties claim that the trial court incorrectly determined the boundaries

of lot B.

Having examined the record on appeal and considered the briefs and the arguments of the parties, we conclude that the judgment of the trial court should be affirmed. Because the court's memorandum of decision fully addresses the arguments raised in the present appeals, we adopt its thorough and well reasoned decision as a proper statement of the facts and the applicable law on these issues. See *Thurlow* v. *Hulten*, 173 Conn. App.    ,    A.3d    (2014) (appendix). It would serve no useful purpose for this court to repeat the analysis contained in the trial court's decisions. See *Riley* v. *Pierson*, 126 Conn. App. 486, 492, 12 A.3d 581 (2011).

The judgment is affirmed.

[1] These appeals arose out of two separate actions that were consolidated for trial. The plaintiffs in the first action, *Thurlow* v. *Hulten*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X04-CV-05-4059315-S, were Luther E. Thurlow, Anthony Denning and Steven Pelletier. The defendants were Lee Ann Hulten and Linda K. Dieters. That case was tried to the court, which rendered judgment in part for the plaintiffs. See *Thurlow* v. *Hulten*, 130 Conn. App. 1, 21 A.3d 535, cert. denied, 302 Conn. 925, 28 A.3d 337 (2011). This court thereafter reversed the trial court's judgment and remanded the case for further proceedings.

Before further proceedings could occur, however, the defendants in that first action, Hulten and Dieters, brought a second action, *Hulten* v. *Thurlow*, Superior Court, judicial district of Hartford, Complex Litigation Docket, Docket No. X04-CV-09-4050303-S, against the plaintiffs in the first action, Thurlow, Denning and Pelletier.

The trial court consolidated both actions and issued a single memorandum of decision disposing of the claims raised in both cases. For convenience, we refer in this opinion to Thurlow, Denning and Pelletier as the Thurlow parties, and to Hulten and Dieters as the Hulten parties, as did the trial court in its decision.

————————————————