PAUL L. MCCULLOUGH *v.* WATERSIDE
ASSOCIATES ET AL.
(AC 26471)

DiPentima, Gruendel and Hennessy, Js.

Argued February 21—officially released June 26, 2007

*Raymond A. Garcia,* with whom were *Antonino M. Leone* and, on the brief, *Nicole Liguori Micklich,* for the appellants-appellees (defendants).

*Paul L. McCullough,* pro se, the appellee-appellant (plaintiff).

*Opinion*

DiPENTIMA, J. The principal issue in this appeal is whether an attorney should recover fees under a written contingency fee agreement where the trial court determines that the attorney's performance was less than exemplary. We conclude that, under the facts and circumstances of this case, the plaintiff, Paul L. McCullough, was not precluded from recovering under the terms of the agreement a reasonable fee for services he had rendered on behalf of the defendant Waterside Associates and its two defendant partners.[1] The defendants also claim that the court improperly awarded offer of compromise interest pursuant to General Statutes § 52-192a.[2] On cross appeal, the plaintiff challenges

---

[1] Waterside Associates is a Connecticut partnership. Its general partners, Arthur Collins and Arthur Emil, were also named as defendants. We refer to them collectively as the defendants and individually by name when appropriate.

[2] General Statutes (Rev. to 2001) § 52-192a (b) (now [c]) provides: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

We note that § 52-192a was amended in 2005 by the substitution of "offer of compromise" for "offer of judgment" and other minor technical changes. See General Statutes (Rev. to 2007) § 52-192a. Those changes are not relevant to this appeal. Although the revision to 2001 is applicable in this case, we refer to the offer as an "offer of compromise" because that is the current terminology.

the court's denial of prejudgment interest pursuant to General Statutes § 37-3a.[3] As to both the appeal and cross appeal, we affirm the judgment of the trial court.

The following facts and procedural history, as summarized by the court in its articulation filed July 21, 2005, are relevant to the defendants' appeal. The plaintiff "instituted suit against Waterside Associates and its individual partners, Arthur Collins and Arthur Emil. [The plaintiff] sought to recover for legal fees [for services] he claimed were rendered pursuant to a written agreement dated October 19, 1990 [agreement]. Waterside Associates had been the developer of an unsuccessful condominium project, and claimed to have been the victim of professional negligence, committed by its architect, Preiss Breimeister Coats . . . . The [agreement] was a comprehensive two page document, pursuant to which [the plaintiff] agreed to institute legal action, and to accept the case based upon a one-third contingency fee. Suit was not initiated until the fall of 1994, and the case languished for many years.

"The case was scheduled for a trial to a jury in August, 1998, although [the plaintiff] had not retained an expert in order to pursue the claim of negligence against the architect. Additional continuances were obtained in 1999, and a May 2, 2000 trial date was established. Facing a trial in May, 2000, an expert witness was finally engaged in December, 1999. During the spring of 2000, Waterside Associates requested attorney William Champlin, a partner in the firm of Tyler, Cooper and Alcorn, with extensive experience in complicated construction cases, to assist with the litigation. However, [the plaintiff] remained as counsel of record in the pending action and was present during the settlement conferences designed to resolve the matter.

[3] General Statutes § 37-3a provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

"Trial of the action was again rescheduled to October 24, 2000. With a trial date approaching, settlement efforts intensified, and in October, 2000, [the architect's] attorneys offered to pay $500,000 in full satisfaction of [Waterside Associates'] claim. In light of the successful negotiations, it was not necessary to proceed to trial. [The plaintiff] demanded payment pursuant to his contingency fee agreement."

The defendants refused payment, claiming that the plaintiff had failed to perform his obligations under the agreement. The plaintiff then brought this action to recover his fee pursuant to the agreement. The court rendered judgment in favor of the plaintiff and awarded him $162,978.81, which was one third of the total recovery, but declined to award prejudgment interest. Subsequently, the court awarded an additional $76,407.46 in offer of compromise interest; see General Statutes § 52-192a (b); resulting in a total judgment in favor of the plaintiff in the amount of $239,386.27. This appeal and cross appeal followed. Additional facts and procedural history will be set forth where necessary.

I

We will first address the principal issue in the defendants' appeal. The defendants claim that the court should have applied a quantum meruit theory of recovery in awarding attorney's fees. We disagree.

We begin our analysis by laying out the appropriate standard of review. "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are

clearly erroneous." (Internal quotation marks omitted.) *McClintock* v. *Rivard*, 219 Conn. 417, 427, 593 A.2d 1375 (1991); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). In the present case, the defendants challenge the legal conclusions of the court, essentially arguing that because of the plaintiff's inadequate performance, the court should have awarded fees on the basis of quantum meruit rather than on the basis of the terms of the agreement.

When an attorney undertakes to represent a client in a personal injury action, the attorney and his client "may provide by contract, which contract shall comply with all applicable provisions of the rules of professional conduct governing attorneys adopted by the judges of the Superior Court, that the fee for the attorney shall be paid contingent upon, and as a percentage of: (1) [d]amages awarded and received by the claimant; or (2) settlement amount pursuant to a settlement agreement." General Statutes § 52-251c (a). The agreement, the terms of which are not being contested by the parties, contained a compensation provision for a contingency fee on the basis of one third of any favorable settlement or recovery.

Fundamental to the attorney-client relationship is the power of the client to terminate that relationship without being held liable for breach of contract. In a situation in which the attorney is discharged before he is able to perform under the terms of the contract, the attorney may still recover a reasonable fee, albeit not the contracted fee, for the work performed for the client by way of quantum meruit.[4] See *Cole* v. *Myers*, 128

---

[4] Quantum meruit and unjust enrichment are common-law principles of restitution, which are essentially noncontractual means of recovery without a valid contract. See *Sidney* v. *DeVries*, 215 Conn. 350, 351 n.1, 575 A.2d 228 (1990). "Quantum meruit is a theory of contract recovery that does not depend upon the existence of a contract, either express or implied in fact. . . . Rather, quantum meruit arises out of the need to avoid unjust enrichment to a party, even in the absence of an actual agreement. . . . Quantum meruit literally means 'as much as he has deserved'. . . . Black's Law Dic-

Conn. 223, 230, 21 A.2d 396 (1941). The policy behind that principle is based on the unique relationship between attorney and client. "An attorney at law is an officer of the court; a minister of justice. He is entitled to fair compensation for his services, but since, because of the highly confidential relationship, the client may discharge him even without just cause, he should receive reasonable compensation for the work he has done up to that point, and not the agreed fee he probably would have earned had he been allowed to continue in his employment. This rule is not unfair to the attorney. He will receive fair compensation for what he has done; his position as an officer of the court does not entitle him to receive payment for services he has not rendered." Id.

In the present case, the plaintiff was not discharged until after a favorable settlement had been reached on the defendants' behalf. At the time the case settled, the plaintiff was the only attorney of record, and he participated in the settlement negotiations. As the court found, the agreement "was in effect at the time a settlement was reached and was therefore binding upon the parties . . . ." The defendants urge this court to ignore the most basic tenet of contract theory and to rewrite the terms of the agreement on the basis of the plaintiff's less than professional conduct.[5] That we simply cannot do. Although it is "within the province of the court to

tionary (7th Ed. 1999)." (Citations omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 255 Conn. 390, 401, 766 A.2d 416 (2001), on appeal after remand, 80 Conn. App. 436, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004).

[5] "[C]ontract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of the bargain by awarding a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed." (Internal quotation marks omitted.) *Keefe* v. *Norwalk Cove Marina, Inc.*, 57 Conn. App. 601, 610, 749 A.2d 1219, cert. denied, 254 Conn. 903, 755 A.2d 881 (2000).

consider matters of professional conduct in evaluating the evidence on the issue of damages in a claim for attorney's fees on the basis of quantum meruit"; *Swerdloff* v. *Rubenstein*, 81 Conn. App. 552, 556 n.2, 841 A.2d 222 (2004); no such consideration is warranted when a contractual remedy is available. Quantum meruit by its very nature is an equitable theory of recovery available when there is no contractual remedy. Unlike the facts in the case cited by the defendants, *Cole* v. *Myers*, supra, 128 Conn. 223, in which our Supreme Court held that quantum merit was the only theory of recovery available to the discharged attorney, the defendants in the present case did not discharge the plaintiff until after the occurrence of the contingency.[6] In *Cole*, the attorney was discharged before he could fully perform under the agreement. Id., 230. Adhering to the general rule that "[a]n attorney who is employed under a contingent fee contract and discharged *prior to the occurrence of the contingency* is limited to quantum meruit recovery for the reasonable value of the services rendered to the client, and may not recover the full amount of the agreed contingent fee"; (emphasis added) 7 Am. Jur. 2d, Attorneys at Law § 181 (1997); our Supreme Court held that the attorney could recover only on the basis of quantum meruit. See *Cole* v. *Myers*, supra, 230.

In the present case, by continuing to represent the defendants through the settlement, the plaintiff fully performed his obligation under the agreement, which was to represent the defendants to the completion of the lawsuit or to settlement. Because the plaintiff was discharged after settlement had been reached, he had a contractual means of recovery, and quantum meruit

[6] We reject the defendants' argument that because they hired another attorney to assist in the negotiations, the plaintiff was effectively discharged prior to settlement. On the basis of the facts of this case, such a conclusion is speculative and defies logic.

was not applicable. Regardless of the plaintiff's less than exemplary performance,[7] he was entitled to collect the one-third contingency fee as set forth in the agreement.[8] We conclude, therefore, that the legal conclusions reached by the court are legally and logically correct and find ample support in the facts set out in its memorandum of decision. See *McClintock* v. *Rivard*, supra, 219 Conn. 426–27.

## II

The defendants next challenge the offer of compromise interest the court awarded the plaintiff pursuant to § 52-192a. Essentially, the defendants' argument centers on whether the court's award of interest to the plaintiff was fair under the facts and circumstances of this case. We are not persuaded by the defendants' argument.

"The question of whether the trial court properly awarded interest pursuant to § 52-192a is one of law subject to de novo review. Section 52-192a (b) requires a trial court to award interest to the prevailing plaintiff from the date of the filing of a complaint to the date of judgment whenever: (1) a plaintiff files a valid offer of [compromise] within eighteen months of the filing of the complaint in a civil complaint for money damages; (2) the defendant rejects the offer of [compromise]; and (3) the plaintiff ultimately recovers an

[7] We note the court's specific findings with respect to the plaintiff's performance, which included that the plaintiff "delayed the bringing of suit and made no effort to obtain an expert or to educate himself in the complexities of a professional negligence case. He did not become familiar with a declining balance insurance policy . . . . He took no pretrial depositions in the years the case was pending and would have been compelled to proceed to trial without indispensable expert testimony had his repeated requests for continuances been denied."

[8] Our conclusion in no way condones the conduct of the plaintiff or justifies his performance. As we must, we merely follow the law as settled and refrain from allowing any disapproval of the plaintiff's methods or practices to replace an inviolate rule of law. "Wrest once the law to your authority: To do a great right, do a little wrong." W. Shakespeare, The Merchant of Venice, act 4, sc. 1.

amount greater than or equal to the offer of [compromise]." (Internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 55, 717 A.2d 77 (1998). "The purpose of § 52-192a is to encourage pretrial settlements by penalizing a party that fails to accept a reasonable offer of settlement in any civil action based upon contract or seeking the recovery of money damages." (Internal quotation marks omitted.) *Lakeview Associates* v. *Woodlake Master Condominium Assn., Inc.*, 239 Conn. 769, 783–84 n.22, 687 A.2d 1270 (1997). "The rules of § 52-192a determine prejudgment interest, the interest from the date when the offer of [compromise] was filed until the date of judgment. Thereafter, [the plaintiff is] entitled to interest at the rate of [12] percent on whatever amounts remain unpaid on the judgment rendered in [his] favor." (Internal quotation marks omitted.) *O'Leary* v. *Industrial Park Corp.*, 211 Conn. 648, 653, 560 A.2d 968 (1989); see also Practice Book § 17-18.[9]

The plaintiff filed an offer of compromise on May 15, 2001, in the amount of $154,666, which was rejected by the defendants. In view of the court's resolution of this matter, it properly awarded interest authorized by § 52-192a on the basis of the defendants' having rejected the plaintiff's offer. The defendants have offered no authority for the proposition that inadequate performance of the party making an offer of compromise precludes that statutorily prescribed remedy. Accordingly, we conclude that the court properly awarded the plaintiff offer of compromise interest.

---

[9] Practice Book (2001) § 17-18 provides in relevant part: "If the judicial authority ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in that plaintiff's 'offer of [compromise],' the judicial authority shall add to the amount so recovered 12 percent annual interest on said amount, computed as provided in General Statutes § 52-192a, may award reasonable attorney's fees in an amount not to exceed $350, and shall render judgment accordingly . . . ."

## III

In his cross appeal, the plaintiff claims that the court improperly denied prejudgment interest pursuant to § 37-3a. We disagree.

Pursuant to § 37-3a, "interest may be recovered in a civil action as damages for the detention of money after it becomes payable. We have construed the statute to make the allowance of interest depend upon whether the detention of the money is or is not wrongful under the circumstances. . . . The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court. . . . We have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was wrongful." (Citations omitted; internal quotation marks omitted.) *O'Hara* v. *State*, 218 Conn. 628, 643, 590 A.2d 948 (1991).

"The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule. . . . The real question in each case is whether the detention of the money is or is not wrongful under the circumstances." (Citation omitted; internal quotation marks omitted.) *Cecio Bros., Inc.* v. *Feldmann*, 161 Conn. 265, 275, 287 A.2d 374 (1971).

The court stated its reasons for denying the plaintiff's request for prejudgment interest in its July 21, 2005 articulation. After reviewing the facts of the case, the court concluded in its articulation that "[t]he award of interest would be unjust and unconscionable." We see no need to expound further on the court's reasoning. On the basis of the facts and circumstances of the present case, we conclude that the court did not abuse its discretion in denying prejudgment interest.

The judgment is affirmed.

In this opinion the other judges concurred.