******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ZACHARY STOOR *v.* ERWIN VEHS
## (AC 46268)

Alvord, Seeley and Westbrook, Js.

*Syllabus*

The intervening plaintiff, C, appealed, and the plaintiff cross appealed, from the judgment of the trial court awarding C damages for the services that he provided as the plaintiff's attorney. The plaintiff hired C to represent him in a negligence action against the defendant and signed a retainer agreement entitling C to 33.33 percent of the plaintiff's recovery up to the amount of $300,000. Less than one week later, C procured a settlement offer of $100,000. The plaintiff did not authorize C to accept the offer and, instead, terminated C's representation and retained another attorney. The trial court granted C's motion to intervene in the plaintiff's case against the defendant to preserve his right to recover legal fees from the plaintiff. Thereafter, the trial court rendered judgment for the plaintiff in accordance with a settlement agreement between the plaintiff and the defendant. Subsequently, a trial was held with respect to C's intervening complaint. The trial court awarded C $9000 for the reasonable value of the services he provided and denied C's claim of unjust enrichment. *Held*:

1. The trial court properly applied *Cole* v. *Myers* (128 Conn. 223) to determine the proper measure of damages to award to C: C provided no authority for his proposition that the doctrine of substantial performance applied to contingency fee agreement cases in which an attorney was discharged by his client prior to settlement, and, pursuant to *Cole*, an attorney in such a case was permitted to recover only the reasonable value of the services he performed on his client's behalf; moreover, the trial court analyzed the work performed by C under the terms of rule 1.5 of the Rules of Professional Conduct and found that an award in the amount of $9000 constituted the reasonable value of the services he performed on the plaintiff's behalf.

2. The trial court's finding that C was entitled to the reasonable value of the services he performed on the plaintiff's behalf was supported by the evidence in the record and, therefore, was not clearly erroneous.

Argued January 30—officially released July 9, 2024

*Procedural History*

Action to recover damages for, inter alia, personal injuries sustained by the plaintiff as a result of the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of

New Haven, where the court, *Abrams, J.*, granted the motion to intervene as a party plaintiff and to file an intervening complaint filed by Gregory P. Cohan; thereafter, the court, *Kamp, J.*, rendered judgment for the plaintiff in accordance with a stipulation of the plaintiff and the defendant; subsequently, the intervening complaint was tried to the court, *Abrams, J.*; judgment in part for the plaintiff, from which the intervening plaintiff appealed and the plaintiff cross appealed to this court. *Affirmed.*

*Gregory P. Cohan*, self-represented, the appellant-cross appellee (intervening plaintiff).

*Chet L. Jackson*, for the appellee-cross appellant (plaintiff).

*Opinion*

ALVORD, J. The intervening plaintiff, Attorney Gregory P. Cohan, appeals from the judgment of the trial court rendered after a court trial wherein the court determined that the plaintiff, Zachary Stoor, owed Cohan $9000 for his services as the plaintiff's attorney.[1] Specifically, Cohan claims that the court improperly awarded him less than the amount provided for in his contingency fee agreement with the plaintiff.[2] On cross appeal, the plaintiff claims that "the discharge of an attorney in a contingency fee case prior to settlement

_____

[1] On June 20, 2023, the court, *Kamp, J.*, granted the plaintiff's motion for judgment, which enforced an April, 2021 final stipulation executed by the plaintiff and the defendant, Erwin Vehs. The court also ordered the defendant's counsel to hold in escrow a portion of the settlement funds representing attorney's fees. The defendant is not participating in this appeal.

[2] Cohan also claims on appeal that the trial court erred by not awarding him damages pursuant to the doctrine of unjust enrichment. Because we conclude that the court's finding that Cohan was entitled, pursuant to our Supreme Court's decision in *Cole* v. *Myers*, 128 Conn. 223, 230, 21 A.2d 396 (1941), to recover $9000 for the reasonable value of the services he performed on the plaintiff's behalf is not clearly erroneous, we need not reach Cohan's claim with respect to unjust enrichment.

does not constitute a breach of contract under Connecticut law and the award of damages for quantum meruit under [the breach of contract count] . . . was improper." As to both the appeal and cross appeal, we affirm the judgment of the trial court.

The following facts, as found by the court, and procedural history are relevant to our resolution of the appeal and cross appeal. On Saturday, July 27, 2019, the plaintiff was involved in a motorcycle accident and transported by ambulance to Yale-New Haven Hospital, where he was admitted as a patient. As a result of the accident, the plaintiff sustained serious injuries that required the amputation of part of his left leg.

On Sunday, July 28, 2019, the girlfriend of the plaintiff's father contacted Cohan regarding his possible legal representation of the plaintiff in an action against the defendant, Erwin Vehs, the driver of the other vehicle involved in the accident. That same day, Cohan arrived at the hospital and spoke with the plaintiff for at least thirty minutes. During portions of their meeting, the plaintiff's father and one other visitor were present in the plaintiff's hospital room. Also during the meeting, the plaintiff signed a retainer agreement authorizing Cohan to pursue an action on behalf of the plaintiff against the defendant. The retainer agreement entitled Cohan to 33.33 percent of any of the plaintiff's recovery up to the amount of $300,000.

Following his meeting with the plaintiff, Cohan contacted the defendant's insurance adjuster. Cohan procured an oral settlement offer of $100,000, the limit of the defendant's liability insurance policy, contingent on the plaintiff (1) accepting the offer no fewer than fifteen days after the accident, (2) executing a release, and (3) providing to the defendant's insurance company his hospital discharge summary. The plaintiff did not authorize Cohan to accept the $100,000 offer.

On August 1, 2019, Cohan again visited the plaintiff at the hospital. After the visit, the plaintiff sent a text message to Cohan terminating Cohan's representation and indicating that he would be retaining new counsel. The plaintiff stated in the text message that he was "not in a position on Sunday [July 28, 2019] to actually make any decisions." Cohan "immediately responded to [the plaintiff's] text indicating that he had received the $100,000 offer and instructing [the plaintiff] to '[p]lease tell your new lawyer that my fee is $33,333.33 plus expenses.' "

The plaintiff subsequently retained, as successor counsel, Attorney Michael Cahill. In October, 2019, the plaintiff commenced this negligence action against the defendant. On January 12, 2021, Cohan filed a motion to intervene in order "to preserve his right to recover his legal fee earned during the course of representing the plaintiff . . . ." The court, *Abrams*, *J.*, granted Cohan's motion. On April 1, 2022, Cohan filed the operative amended intervening complaint sounding in breach of contract and unjust enrichment. In his demand for relief, Cohan requested, inter alia, equitable damages. The plaintiff filed an answer and raised as a special defense that he lacked "the mental capacity to enter into any contractual commitment."

On April 16, 2021, Cahill procured a 1.5 million dollar settlement in the negligence action on the plaintiff's behalf. The judgment stated: "The parties have reached a resolution after negotiations and hereby agree to a stipulated judgment of $1,500,000. The parties further agree that within 20 days of the court's approval of this stipulation the defendant's insurer . . . will pay $100,000 of the stipulated judgment . . . ." The judgment further stated that the plaintiff would receive the remaining 1.4 million dollars from the defendant "if he has a windfall such as lottery income, an inheritance or any other financial gain . . . ." On June 20, 2023,

the court granted the plaintiff's motion for judgment and rendered judgment in favor of the plaintiff. See footnote 1 of this opinion.

A court trial was held on October 4, 2022, with respect to Cohan's intervening complaint. Both the plaintiff and Cohan entered several exhibits into evidence. Cohan testified on his own behalf that, during his July 28, 2019 meeting with the plaintiff, the plaintiff did not demonstrate an inability to answer his questions and that the plaintiff "actually went into great detail about his accident." With respect to the work that he did on the plaintiff's behalf, Cohan testified that, in addition to speaking to the defendant's insurance adjuster, he went to the accident scene, took photographs and videos of the accident scene, obtained the police report, and reviewed town records to see whether the defendant owned any property.

In addition to his own testimony, the plaintiff presented the testimony of Cahill. The plaintiff testified that he discharged Cohan on August 1, 2019, because "I realized that I wasn't comfortable. You know, I never hired this guy; I didn't know this guy. It wasn't my decision to hire him. And I was so out of it on—on Sunday on, you know, the 28th that it—it really—it wasn't my decision whatsoever . . . ." Cahill then testified, and the court interjected the question of whether he would agree "even if . . . [the plaintiff] didn't have capacity to sign the contract, that [Cohan] is due some kind of compensation for the work he did," to which Cahill responded, "I would agree that on a quantum meruit basis for his time allocated up until the time of the discharge, if [the plaintiff] had the capacity, sure, yes." Upon the conclusion of trial, the court ordered posttrial briefing on whether the plaintiff had the capacity to contract with Cohan.

On October 25, 2022, both the plaintiff and Cohan filed their posttrial briefs. In his posttrial brief, the plaintiff argued that the court should find that the contingency fee agreement was voidable because he lacked the capacity to contract with Cohan. The plaintiff argued that Cohan's recovery should be limited to the reasonable fee for the work he performed pursuant to the doctrine of quantum meruit and the guidance provided in our Supreme Court's decision in *Cole* v. *Myers*, 128 Conn. 223, 230, 21 A.2d 396 (1941). In his posttrial brief, Cohan argued that he is entitled to recover under the contingency fee agreement because the plaintiff did not prove that he lacked the capacity to contract, and, in the alternative, he is entitled to judgment pursuant to the doctrine of unjust enrichment. Cohan also filed, as an exhibit to his posttrial brief, a document representing that, between Sunday, July 28, and Thursday, August 1, 2019, he spent approximately forty-one hours working on the plaintiff's case.

On February 1, 2023, the court issued a memorandum of decision. With respect to Cohan's breach of contract claim, the court determined that the plaintiff had the capacity to contract. The court stated: "The ironic thing is that court's foregoing finding of capacity makes little to no difference in the outcome of this case as the result under either finding would be an award to [Cohan] of the reasonable value of the services he performed . . . ." The court, quoting *Cole* v. *Myers*, supra, 128 Conn. 230, recognized that, in cases where a party discharges an attorney prior to settlement, " '[o]ur rules of policy support the minority view. An attorney at law is an officer of the court; a minister of justice. He is entitled to fair compensation for his services, but since, because of the highly confidential relationship, the client may discharge him even without just cause, he should receive reasonable compensation for the work he has done up to that point, and not the agreed fee

he probably would have earned had he been allowed to continue in his employment. This rule is not unfair to the attorney. He will receive fair compensation for what he has done; his position as an officer of the court does not entitle him to receive payment for services he has not rendered.' . . . The decision in *Cole*, while over eighty years old, still appears to be controlling law on the issue of compensation for attorneys whose services have been terminated in contingency cases." (Citation omitted.)

In determining the reasonable value of the services performed by Cohan, the court applied the reasonable fee factors set forth in rule 1.5 of the Rules of Professional Conduct[3] to the work Cohan performed on the plaintiff's behalf and determined: "The evidence presented indicated that [Cohan] is a veteran attorney with experience in the field of personal injury. The activities that he detailed in his testimony regarding the work he performed on behalf of [the plaintiff] represent reasonable measures most responsible attorneys would take in relation to a serious personal injury case, including visiting the potential client in the hospital on a weekend. He promptly learned the identity of [the defendant's] insurer and initiated contact, procuring an offer within days. He also claimed that he did some research regarding additional sources of coverage and investigated the

---

[3] Rule 1.5 of the Rules of Professional Conduct provides in relevant part: "(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent. . . ."

accident itself. The court presumes that the foregoing activity probably caused [Cohan] to put other matters aside in the short term. All these factors militate in favor of the award that exceeds what [Cohan] would recover if the court simply estimated the time he put in on [the plaintiff's] case and multiplied it by a reasonable hourly fee. If the fee involved had been fixed rather than contingent, the court would be less comfortable in taking this approach. On the other side of the ledger, while the court is impressed with [Cohan's] ability to work quickly, otherwise his efforts did not require any special skill that would not have been possessed by any attorney with experience in personal injury as the issues presented were neither novel nor complex. . . .

"As a result, in consideration of all the relevant factors contained in rule 1.5, the court awards [Cohan] a legal fee of $9000." The court then denied Cohan's claim of unjust enrichment, stating in a footnote that, "even if the court had found that the contract was invalid and [Cohan] possessed a valid unjust enrichment claim, the result in this matter would have remained unchanged as the court would have awarded [Cohan] the reasonable value of his services pursuant to rule 1.5 of the Rules of Professional Conduct." This appeal followed.

Before turning to Cohan's appeal and the plaintiff's cross appeal, we set forth the relevant standard of review and legal principles. "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . .

"When an attorney undertakes to represent a client in a personal injury action, the attorney and his client may provide by contract, which contract shall comply with all applicable provisions of the rules of professional conduct governing attorneys adopted by the judges of the Superior Court, that the fee for the attorney shall be paid contingent upon, and as a percentage of: (1) [d]amages awarded and received by the claimant; or (2) [the] settlement amount [received] pursuant to a settlement agreement. General Statutes § 52-251c (a)." (Citations omitted; internal quotation marks omitted.) *McCullough* v. *Waterside Associates*, 102 Conn. App. 23, 27–28, 925 A.2d 352, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007).

"Our Supreme Court long ago explained that an attorney is entitled to a reasonable fee for his services. 'An attorney at law is an officer of the court; a minister of justice. He is entitled to fair compensation for his services, but since, because of the highly confidential relationship, the client may discharge him even without just cause, he should receive reasonable compensation for the work he has done up to that point, and not the agreed fee he probably would have earned had he been allowed to continue in his employment.' *Cole* v. *Myers*, [supra, 128 Conn. 230]." *Altschuler* v. *Mingrone*, 98 Conn. App. 777, 780–81, 911 A.2d 337 (2006), cert. denied, 281 Conn. 927, 918 A.2d 276 (2007), and cert. denied, 281 Conn. 927, 918 A.2d 276 (2007).

I

We first address Cohan's appeal. Cohan claims that there is insufficient evidence in the record to support the court's decision to award him $9000 rather than the $33,333.33 that he asserts he is entitled to pursuant to the contingency fee agreement. Specifically, Cohan argues that the court improperly determined that the appropriate measure of damages for the breach of the

contingency fee agreement is the reasonable value of the services he performed on the plaintiff's behalf prior to the termination of his representation pursuant to *Cole* v. *Myers*, supra, 128 Conn. 230, rather than his expectation damages pursuant to the doctrine of substantial performance. The plaintiff responds that the court properly applied *Cole* to award Cohan damages because the plaintiff discharged Cohan prior to settlement. We agree with the plaintiff.

In his principal appellate brief, Cohan relies on *Pack 2000, Inc.* v. *Cushman*, 311 Conn. 662, 685, 89 A.3d 869 (2014), for the proposition that he is entitled to damages in accordance with the doctrine of substantial performance because he "substantially performed his obligations pursuant to the terms of the *contingent fee agreement* . . . ." (Emphasis added.) "The doctrine of substantial performance shields contracting parties from the harsh effects of being held to the letter of their agreements. Pursuant to the doctrine of substantial performance, a technical breach of the terms of a contract is excused, not because compliance with the terms is objectively impossible, but because actual performance is so similar to the required performance that any breach that may have been committed is immaterial." (Internal quotation marks omitted.) *Pack 2000, Inc.* v. *Cushman*, supra, 675. "Substantial performance occurs when, although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, [the plaintiff] has received substantially the benefit he expected, and is, therefore, bound to [perform]." (Internal quotation marks omitted.) Id., 685.

The guidance in *Pack 2000, Inc.*, is inapposite to the present appeal, as the facts of that matter concerned a defendant who contracted to transfer the management

and, at the plaintiff's option, ownership of two automobile repair shops. Id., 664. Cohan has furnished no authority for the proposition that the doctrine of substantial performance applies in litigation seeking enforcement of a contingency fee agreement where a client discharged an attorney prior to settlement. Our research likewise has uncovered no such authority. Rather, our jurisprudence on contingency fee agreement cases allows an attorney discharged by a client prior to settlement to recover for the reasonable value of the services the attorney performed on the client's behalf. See *Cole* v. *Myers*, supra, 128 Conn. 230; see also *Altschuler* v. *Mingrone*, supra, 98 Conn. App. 782 (court awarded attorney, who was discharged prior to settlement, reasonable fee for work performed on client's underinsured motorist claim).

In the present case, the court determined Cohan's award to be "the reasonable value of the services he performed . . . ." The court analyzed the work performed by Cohan under the terms of rule 1.5 of the Rules of Professional Conduct and found that an award in the amount of $9000 constituted the reasonable value of the services he performed on the plaintiff's behalf.[4] Accordingly, we conclude that the court properly applied *Cole* v. *Myers*, supra, 128 Conn. 230, rather than the doctrine of substantial performance, in determining the proper measure of damages.[5]

---

[4] Cohan does not argue on appeal, nor does the plaintiff argue on cross appeal, that the trial court's award of $9000 was unreasonable. Accordingly, that issue is not before this court.

[5] Cohan also argues that he substantially performed under the contingency fee agreement because "the plaintiff did, in fact, accept the $100,000 benefit that [Cohan] had procured on his behalf." The facts found by the court indicate that the plaintiff "[a]t no time" authorized Cohan "to accept the $100,000 offer" and that the plaintiff's successor counsel obtained an offer on the plaintiff's behalf that included "the $100,000 *in addition* to the agreement of the defendant to pay additional moneys if certain criteria are met." (Emphasis added.)

## II

We next address the plaintiff's cross appeal. The plaintiff claims that the court improperly determined that he breached the contingency fee agreement by discharging Cohan. The plaintiff argues that, "because the trial court held, based on its findings of fact, that the law in *Cole* v. *Myers*, [supra, 128 Conn. 230] applies and quantum meruit was the proper basis of recovery in this case . . . the trial court could not award damages for breach of contract."[6] (Citation omitted.)

The plaintiff directs our attention to case law that he claims stands for the proposition that, in a contingency fee agreement case where a client discharges an attorney prior to settlement, the client will not be held liable for breach of contract. See *Cole* v. *Myers*, supra, 128 Conn. 229–30; *McCullough* v. *Waterside Associates*, supra, 102 Conn. App. 28. That same authority, however, permits an attorney, such as Cohan, who has been discharged to "receive reasonable compensation for the work he has done up to that point . . . ." *Cole* v. *Myers*, supra, 230.[7]

In *Cole*, "[t]he plaintiff tried his case on the theory that if he failed to prove an express contract he could

[6] Cohan responds that the plaintiff's claim on cross appeal was not properly raised in the trial court and, therefore, is not appropriately before this court on appeal. Our rules of practice preclude us from reviewing claims made for the first time on appeal that were not addressed by the trial court. See *C. W.* v. *Warzecha*, 225 Conn. App. 137, 146, 314 A.3d 617 (2024). In the present case, however, the issue of whether Cohan could recover pursuant to the doctrine of quantum meruit was raised at trial, argued by the plaintiff in his posttrial brief, and discussed by the court in its memorandum of decision. The plaintiff's claim, therefore, was properly raised before and analyzed by the trial court and, accordingly, is properly before this court on appeal.

[7] At oral argument before this court, in response to a question, the plaintiff's counsel confirmed that *Cole* v. *Myers*, supra, 128 Conn. 230, is "the correct case law" and that the trial court "correctly appl[ied] *Cole* . . . ."

recover the reasonable value of his services, and produced much evidence in support of his claim on quantum meruit."[8] Id., 228. The jury, however, found that the plaintiff had proven the existence of an express contract. Id. On appeal, our Supreme Court analyzed "the question whether, where an attorney is employed on a *contingent basis*, it is an implied term of the contract that he will have a reasonable opportunity to perform, and if he is prevented from doing so by a wrongful discharge, the contract has been broken and he is entitled to recover what he would probably have earned had his employment continued." (Emphasis added.) Id., 228–29. The court concluded that, because the attorney was discharged by his client prior to settlement, he was entitled to "receive reasonable compensation for the work he has done up to that point, and not the agreed fee he probably would have earned had he been allowed to continue in his employment." Id., 230.

In the present case, the court's memorandum of decision makes clear that it awarded Cohan damages under the precedent of *Cole*. The court began by recognizing that, although the plaintiff and Cohan had entered into a valid contingency fee agreement, the appropriate remedy nevertheless is "an award to [Cohan] of *the reasonable value of the services he performed* . . . ." (Emphasis added.) The court then set forth the legal principles as espoused in *Cole* and stated that the reasonable value of the services performed by Cohan is determined by comparing the factors set forth in rule 1.5 of the Rules of Professional Conduct to the work performed on the plaintiff's behalf. See *Altschuler* v. *Mingrone*, supra, 98 Conn. App. 781. After applying the factors set forth in

---

[8] "Quantum meruit is a theory of contract recovery that does not depend upon the existence of a contract, either express or implied in fact. . . . Rather, quantum meruit arises out of the need to avoid unjust enrichment to a party, even in the absence of an actual agreement. . . . Quantum meruit literally means as much as he has deserved . . . ." (Internal quotation marks omitted.) *McCullough* v. *Waterside Associates*, supra, 102 Conn. App. 28 n.4.

rule 1.5, the court found that Cohan is entitled to an award of $9000 for the reasonable value of his work on the plaintiff's case. Accordingly, we conclude that the court's finding that Cohan was entitled to the reasonable value of the services he performed on the plaintiff's behalf is supported by evidence in the record and, therefore, is not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.